IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
|   JAZZMYN M. FLEMMINGS | | Bankruptcy No. 15-17283-WIL |
|     Debtor | * | (Chapter 7) |

        *    *    *    *    *

ROGER SCHLOSSBERG, TRUSTEE      *
18421 Henson Boulevard, Suite 201
Hagerstown, MD 21742                   *
    Plaintiff
                                       *
    v.                                         Adversary No. _____
                                       *
JAZZMYN M. FLEMMINGS
5415 Sir Douglas Drive                  *
Bryans Road, Maryland 20616
    Defendant                      *

        *    *    *    *    *    *    *

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR**

TO THE HONORABLE WENDELIN I. LIPP, UNITED STATES BANKRUPTCY COURT:

      COMES NOW, the Plaintiff, Roger Schlossberg, Trustee, by and through his undersigned counsel, Schlossberg & Mastro, and in support of his *Complaint Objecting to Discharge of Debtor,* hereby respectfully represents as follows:

**Jurisdiction, Venue,** *Etc***.**

      1. The instant bankruptcy case was commenced upon the filing by the Debtor Jazzmyn M. Flemmings of a *Voluntary Petition* under Chapter 7 of the Bankruptcy Code on May 21, 2015 (the "Petition Date"), and an *Order for Relief* thereupon was entered.

      2. This Court is vested with jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule No. 402. Further,

this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §157(b)(2)(J).  Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §1409(a).

## Parties

3.  As contemplated in 11 U.S.C. §702(a), your Plaintiff Roger Schlossberg duly was appointed Chapter 7 Interim Trustee herein.  Following the conduct of that First Meeting of Creditors required by 11 U.S.C. §341(a) without the election of a Trustee as permitted by 11 U.S.C. §702(b)-(c), your Plaintiff continued in office as permanent Chapter 7 Trustee herein pursuant to the provisions of 11 U.S.C. §702(d).

4.  The Defendant Jazzmyn M. Flemmings (the "Debtor") is an adult resident of the State of Maryland with mailing address and residence as set forth in the caption hereof.

## Factual Background

5.  On the Petition Date, the Debtor caused to be filed herein her *Schedules of Assets and Liabilities* (the "*Schedules*"; Docket No. 1, pp. 17- 37) and her *Statement of Financial Affairs* (Docket No. 1, pp. 6-16).  Appended on the last page of each of said *Schedules* and *Statement of Financial Affairs* is a *Declaration Under Penalty of Perjury by Individual Debtor* by which the Debtor declared under the penalties of perjury that the contents of both said filings were true and correct.

6.  In response to the required disclosure at *Schedule A* of all real property owned by the Debtor on the *Petition Date*, the Debtor reported her ownership only of that real property located at 5415 Sir Douglas Drive, Bryans Road, Maryland 20616.  Upon examination of the Debtor under oath at the first meeting of creditors conducted herein pursuant to the provisions of 11

U.S.C. §341(a) on June 30, 2015[1], your Plaintiff Trustee learned of the Debtor's ownership also of a an unscheduled second parcel of improved real property located at 5800 Terence Drive, Clinton, Maryland 20735 (hereinafter "Terence Drive"); which said Terence Drive property apparently is owned by the Debtor together with her sister, Shokitha Flemmings.

7.  Although the undersigned Trustee directed the Debtor to amend her *Schedule A* to include reference to the Terence Drive property, the Debtor, to date, has filed no such amendment.  Instead, on July 6, 2015, the Debtor forwarded to the Trustee a *Quit Claim Deed* purporting to convey all of her interest in the Terence Drive property to her sister and asserting that said *Quit Claim Deed* explains her failure to have included said real estate on her original *Schedule A* filed herein.  See copy of *Quit Claim Deed* attached hereto and incorporated by reference herein as "Exhibit 1".  Interestingly, however, the *Quit Claim Deed* is dated May 28, 2015, or one week ***following*** the date of the filing by the Debtor of her *Voluntary Petition* herein.  Further, your Trustee notes to the Court that said *Quit Claim Deed* has not been recorded among the Land Records of Prince George's County, Maryland and, even if so recorded, would be ineffective post-petition to convey any interest in the Terence Drive property.

8.  In addition to the aforesaid irregularities related to the Terence Drive property, your Trustee also has learned through examination of the Debtor's banking records of several thousand dollars existing in a bank account of the Debtor that was not accurately included in the Debtor's *Schedule B*; which said additional funds must be turned over to your Trustee.  Finally, your Trustee has reviewed the banking records of the Debtor for that period of time preceding the filing of the *Voluntary Petition* herein and has discovered that although not reported in the

---

[1]  The Debtor appeared at said meeting of creditors *pro se* and has conducted her entire case without the benefit of counsel.  Although, as hereinafter noted, the undersigned Plaintiff Trustee repeatedly has cautioned the Debtor as to the serious matters afoot in her case and has encouraged her to engage the services of counsel, the Debtor, thus far, has failed to obtain such representation.

H:\Documents\2015\10.2015\flemming.complaint.rs.102815.docx

Debtor's *Schedules* and *Statement of Financial Affairs*, the Debtor has been transferring into a savings account for the benefit of her infant child $50.00 from each and every paycheck received by her from her employment with the District of Columbia Metropolitan Police Department.

9. Although all of the above-described matters normally would form the basis for the immediate filing of a Complaint objecting to the discharge of the Debtor, your Plaintiff Trustee heretofore took note that, in the instant case, the Debtor was proceeding without the benefit of counsel. As such, your Plaintiff Trustee was concerned that the Debtor might not have understood the implications of her conduct as above-described and the risk the same bore for her right to obtain a discharge under the provisions of 11 U.S.C. § 727(a). Accordingly, your Trustee filed his *Motion* (Docket No. 32) seeking an extension of the deadline otherwise imposed herein for the filing of Objections to the Debtor's discharge so that the Debtor might have the opportunity to satisfy the concerns of the Trustee with respect to the above matters and to obtain the assistance of counsel as appears required herein. By this Court's *Order* (Docket No. 33) entered herein on August 31, 2015, that *Motion* was granted and the deadline for filing *Complaints* objecting to the discharge of the Debtor was extended through October 30, 2015.

10. Unfortunately, the Debtor has failed to take advantage of this Court's extension of time as aforesaid and the Trustee now is obliged to file the instant *Complaint* in order to protect the rights of all other parties in interest herein.

**COUNT I**
**Objection to Discharge - Transfer, Removal, Destruction,**
**Mutilation or Concealment of Property**
**[11 U.S.C. §727(a)(2)]**

11. The allegations contained in Paragraphs 1-10, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count I.

12. As hereinabove set forth, the Debtor, with intent to hinder, delay and/or defraud her

creditors or an officer of the Estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed – (a) property of the Debtor within one (1) year before the Petition Date; or (b) property of the Bankruptcy Estate after the Petition Date.

13. Pursuant to the provisions of 11 U.S.C. §727(a)(2), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### COUNT II
### Objection to Discharge - False Oath
### [11 U.S.C. §727(a)(4)]

14. The allegations contained in Paragraphs 1-13, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count II.

15. As hereinabove set forth, the Debtor knowingly and fraudulently, in or in connection with the instant bankruptcy case, made false oaths with respect to, *inter alia*:

   a. Those *Schedules of Assets and Liabilities* filed herein as aforesaid;

   b. That *Statement of Financial Affairs* filed herein as aforesaid;

   c. That testimony provided by her at the Meeting of Creditors conducted herein as aforesaid.

16. Pursuant to the provisions of 11 U.S.C. §727(a)(4), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

                          Respectfully submitted,

                          SCHLOSSBERG & MASTRO

                          By: */s/ Roger Schlossberg*
                               Roger Schlossberg
                               18421 Henson Boulevard, Suite 201
                               Hagerstown, MD 21741-4227
                               (301) 739-8610
                               Attorney for Trustee